AMERICAN PRESIDENT LINES, LTD.,
Appellant,

v.

UNITED STATES of America,
Appellee.

UNITED STATES of America,
Appellant,

v.

AMERICAN PRESIDENT LINES, LTD.,
Seaboard Surety Company, The Yorkshire Indemnity Company, and United Pacific Insurance, Appellees.

No. 19105.

United States Court of Appeals
Ninth Circuit.

Nov. 27, 1964.

Peter N. Teige, George D. Wick, Jr., San Francisco, Cal., J. Franklin Fort, Kominers & Fort, Washington, D. C., for appellant-cross appellees.

John W. Douglas, Asst. Atty. Gen., Alan S. Rosenthal, Lawrence F. Ledebur, Dept. of Justice, Washington, D. C., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee-cross appellant.

Before JERTBERG, MERRILL and BROWNING, Circuit Judges.

PER CURIAM.

Upon stipulation of the parties it is ordered that the following issues involved in the appeal of American President Lines and the cross-appeal of the United States be disposed of as follows:

1. Upon the appeal of American President Lines from paragraph No. 3 of the judgment of the District Court, judgment is affirmed.

2. Upon the appeal of the United States from paragraph No. 2 of the said judgment, judgment is reversed.

3. Upon the appeal of the United States from paragraph No. 6 of said judgment, judgment is affirmed.

The remaining issue is as to the amount of "cumulative net voyage profits" due to the United States as "additional charter hire" under a bare-boat charter in effect during the years 1946 to 1955. The obligation arises under that provision of the charter included pursuant to § 709(a) of the Merchant Marine Act of 1936, 49 Stat. 2010 (1936), 46 U.S.C. § 1199(a) (1958).[1] Appellant realized net profits during the years 1948 through 1952 and net losses during 1953 through 1955. The sole question upon this appeal is whether, under § 709(a), the losses are to be carried back and offset against the earlier profits in determining "cumulative net voyage profits." The District Court held that they were not.

This precise question was considered in United States v. Moore-McCormack Lines, Inc. (4 Cir. 1962) 308 F.2d 866, cert. denied (1963) 372 U.S. 944, 83 S.Ct. 937, 9 L.Ed. 969, and was determined in accordance with the contentions of appellant. We agree with the reasoning and holding in that case. Accordingly we conclude that the carryback of losses is

[1]. 46 U.S.C. § 1199:

"(a) Every charter made by the Secretary of Commerce pursuant to the provisions of sections 1191–1204 of this title shall provide that whenever, at the end of any calendar year subsequent to the execution of such charter, the cumulative net voyage profits (after payment of the charter hire reserved in the charter and payment of the charterer's fair and reasonable overhead expenses applicable to operation of the chartered vessels) shall exceed 10 per centum per annum on the charterer's capital necessarily employed in the business of such chartered vessels, the charterer shall pay over to the Secretary, as additional charter hire, one-half of such cumulative net voyage profit in excess of 10 per centum per annum: *Provided,* That the cumulative net profit so accounted for shall not be included in any calculation of cumulative net profit in subsequent years."

proper, since, as held in that case at page 874:

"§ 709 permits and requires the cumulation of profits and losses *over the period of the charter* as the basis of the calculation of additional charter hire * * *." (emphasis added).

Upon this issue, judgment is reversed.

The case is remanded for further proceedings in accordance with this order and holding.